BP:bp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **03-60598**
**CIV-MOORE**
MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FIFTY-SEVEN THOUSAND AND
FIVE-HUNDRED DOLLARS
($57,500.00) IN U.S. CURRENCY,

    Defendant.
_____/

### COMPLAINT FOR FORFEITURE IN REM

    Plaintiff, United States of America, hereby files this Complaint for Forfeiture *in Rem* and states:

    1. This is a civil action for forfeiture *in rem* of FIFTY-SEVEN THOUSAND AND FIVE-HUNDRED DOLLARS ($57,500.00) IN U.S. CURRENCY ("defendant currency").

    2. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355(a), (b)(1), 1395 and 2461, in that the defendant currency was seized in the Southern District of Florida and will remain within the District during the pendency of this action.

    3. The United States seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6) arising from violations of 21 U.S.C. § 801 *et seq.* and 18 U.S.C. § 981(a)(1)(A), arising from violations of 18 U.S.C. § 1956.



**FACTS**

4. An investigation by agents of the Drug Enforcement Administration ("DEA") revealed that on or about November 16, 2000, the Broward County State Attorney's Office filed charges against Seth SOLOMON ("SOLOMON") including trafficking in methamphetamine and possession of other illegal narcotics. The case is currently pending.

5. The investigation also revealed that on or about July 30, 2001, the Wilton Manors Police Department executed a search warrant at SOLOMON's residence. The police discovered $23,148.00 in United States currency and illegal narcotics. The Broward County State Attorney's Office filed nine counts against SOLOMON, including trafficking in MDMA and possession of other illegal narcotics. The case is currently pending.

6. The currency was administratively forfeited by the DEA on February 28, 2002 as the proceeds of illegal narcotics.

7. On October 7, 2002, a search warrant was executed at SOLOMON's residence located at 810 NE 21st Drive, Wilton Manors, Florida by agents of the DEA and officers of the Wilton Manors Police Department.

8. During the search, approximately 8.6 grams of Methamphetamine and $3,100.00 in United States currency was discovered.

9. The currency was seized by agents of the DEA and administrative forfeiture proceedings were commenced against the currency, as the proceeds of illegal narcotics.

10. On or about October 9, 2002, Wilton Manors Police Department conducted a vehicular traffic stop of SOLOMON's car.

11. A Fort Lauderdale Police Department trained narcotics detector canine alerted to SOLOMON for the presence of the odor of a controlled substance.

12. During a search of SOLOMON, police officers discovered $2,500.00 in United States currency. The currency consisted of $100.00 bills.

13. The currency was seized by agents of the DEA and administrative forfeiture proceedings were commenced against the currency as the proceeds of illegal narcotics.

14. On or about October 10, 2002, a search warrant was executed on safe deposit box # 304 at the Sun-Trust Bank, 1501 NE 26th Street, Wilton Manors, Florida.

15. The search of the safe deposit box revealed $57,500 in United States currency.

16. The currency was separated into six (6) heat-sealed plastic freezer bags.

17. Five (5) of the bags contained $10,000 comprised of 100 bills in $100 denominations.

18. The sixth bag, on which the heat-seal was broken, contained $7,500 comprised of 75 bills in $100 denominations.

19. A Broward Sheriff's Office trained narcotics detector canine alerted to the currency and the safe deposit box for the presence of the odor of a controlled substance.

20. Mortgage documents bearing the name of Seth SOLOMON for 810 NE 21st Drive, Wilton Manors, Florida, were also discovered during the search of the safe deposit box # 304.

21. According to Sun-Trust Bank records, the safe deposit box # 304 was opened on September 28, 2001 in the names of Daniel C. White ("WHITE") and SOLOMON.

22. The address provided for WHITE is in Draper, Utah.

23. According to the entry card for box # 304, it appears that SOLOMON is the only individual who has entered the safe deposit box after the initial opening date.

24. The defendant currency was seized by agents of the DEA and administrative forfeiture proceedings commenced.

25. On or about October 25, 2002, the Broward County State Attorney's Office filed charges against SOLOMON for possession of crystal methamphetamine with intent to deliver or sell. The case is currently pending.

26. On or about January 2, 2003, DANIEL CHARLES WHITE filed a claim in the administrative forfeiture proceeding for the defendant currency.

## COUNT I (PROCEEDS)

27. Plaintiff re-alleges paragraphs 1 through 26 above as if fully set forth herein.

28. Based on the foregoing, the defendant currency constitutes moneys, negotiable instruments, securities or things of value furnished or intended to be furnished in exchange for controlled substances in violation of 21 U.S.C. § 801, _et seq._, or proceeds traceable thereto or used or intended to be used to facilitate any violation of subchapter I, Chapter 13 of Title 21, and is thereby forfeit to the United States pursuant to 21 U.S.C. § 881(a)(6).

## COUNT II (MONEY LAUNDERING)

29. Plaintiff re-alleges paragraphs 1 through 26 above as if fully set forth herein.

30. 18 U.S.C. § 1956(a)(1)(B) prohibits any person, knowing that property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct a financial transaction which in fact does represent the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part – (i) to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such specified unlawful activity, or (ii) to avoid a transaction reporting requirement under State or Federal law.

31. A "financial transaction" is defined in 18 U.S.C. § 1956 to mean a "transaction" which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means or involves one or more "monetary instruments." The term "monetary instrument" means the coin or currency of the United States or any other country, travelers' checks, personal checks, bank checks, and money orders. The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or

other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

32. The term "specified unlawful activity" means any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

33. Pursuant to 18 U.S.C. § 1956(c), the term "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under State, Federal, or foreign law, regardless of whether or not such activity is specified in 18 U.S.C. § 1956(c)(7).

34. Pursuant to 18 U.S.C. § 981(a)(1)(A), any personal or real property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or property traceable to such property, is subject to forfeiture to the United States.

35. Based on the foregoing, the defendant currency constitutes personal property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or is traceable to such property, and is thereby forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, Plaintiff United States of America requests that a warrant of arrest be issued for the defendant property; that the

Court direct any and all persons having any claim to the defendant property to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, together with such other and further relief as may be just; that the defendant property be condemned and forfeited to the United States of America for disposition according to law; and that the Plaintiff be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        MARCOS DANIEL JIMENEZ
        UNITED STATES ATTORNEY

By: _____
        BARBARA PAPADEMETRIOU
        Assistant U.S. Attorney
        99 NE 4th Street
        Miami, Florida 33132-2111
        Fla. Bar No. 0880086
        Tel: (305) 961-9036
        Fax: (305) 536-7599
        E-mail address:
        Barbara.Papademetriou@usdoj.gov

**VERIFICATION**

I, JAMES R. BENTLEY, JR., Special Agent, Drug Enforcement Administration, hereby declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture <u>in Rem</u> is based upon information known to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this 28 day of March, 2003.

JAMES R. BENTLEY, JR.
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Fifty-seven thousand and five-hundred dollars ($57,500.00) in U.S. currency

CIV-MOORE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward 03CV60598/Moore/O'Sullivan

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barbara Papademetriou, U.S. Attorney's Office
99 NE 4th Street, 7th Floor
Miami, Florida 33132
(305) 961-9036

ATTORNEYS (IF KNOWN)
Kevin J. Kulik, Esq.
600 South Andrews Avenue
Suite 500
Fort Lauderdale, Florida 33301

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

21 U.S.C. § 881(a)(6) illegal drug proceeds
18 U.S.C. § 981(a)(1)(A) money laundering

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: MAR 31 2003

SIGNATURE OF ATTORNEY OF RECORD
Barbara Papademetriou
AUSA Barbara Papademetriou

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.